**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **TERRANCE L. BATTLE,** | ) | |
| | ) | |
| **Movant,** | ) | |
| **v.** | ) | **Civil Action No. 5:09-0058** |
| | ) | **Criminal Action No. 5:04-0179** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside
or Correct Sentence by a Person in Federal Custody.[1] (Document Nos. 107 and 112.) By Standing
Order, this matter was referred to the undersigned United States Magistrate Judge for submission of
proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).
(Document No. 110.)

**FACTUAL BACKGROUND**

Movant was charged in an One-Count Indictment filed on September 14, 2004, with being
a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal
Action No. 5:04-0179, Document No. 1.) Federal Public Defender Mary Lou Newberger was
appointed to represent Movant. (Id., Document No. 7.) On December 10, 2004, Movant filed a Letter-
Form Motion for Appointment of New Counsel. (Id., Document No. 24.) By Order entered on
December 10, 2004, the District Court granted Movant's Motion and appointed G. Ernest Skaggs as
counsel. (Id., Document Nos. 25 and 26.) On February 10, 2005, Movant filed his second Motion for

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Appointment of New Counsel. (Id., Document No. 42.) During the Pretrial Motions Hearing conducted on February 10, 2005, Movant withdrew his Motion for Appointment of New Counsel and indicated that he wished to plead guilty. (Id., Document Nos. 45, 55, and 56.) The District Court, however, rejected Movant's proposed plea of guilty finding that Movant "twice altered his version of the factual basis underlying his proposed plea of guilty, subsequently admitting that he had lied, under oath, about the factual basis of his case." (Id., Document No. 56.) On February 16, 2005, Movant filed his Written Plea of Guilty and Plea Agreement. (Id., Document Nos. 52 and 53.) By Order entered on February 23, 2005, the District Court conditionally approved Movant's guilty plea. (Id., Document No. 57.) On April 13, 2005, Movant filed his third Motion for Appointment of New Counsel and withdrew the Motion on May 11, 2005. (Id., Document Nos. 58 and 67.) On June 28, 2005, Movant filed a *pro se* Motion to Retract Plea of Guilty, Appoint New Counsel, and Proceed with Trial. (Id., Document No. 70.) Following a hearing on the above Motions, the District Court denied Movant's request to withdraw his guilty plea and request for appointment of new counsel. (Id., Document No. 76.) A Presentence Investigation Report was prepared. (Id., Document No. 74.) The District Court determined that Movant had a Base Offense Level of 24, and a Total Offense Level of 26, the Court having applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5), and granted a two-level downward adjustment for acceptance of responsibility. (Id., Document No. 76.) The District Court ordered that Movant serve a 120-month term of incarceration to be followed by a two to three year term of supervised release. (Id., Document Nos. 75 and 76.)

Movant filed a Notice of Appeal on July 18, 2005. (Id., Document No. 78.) By Order entered on August 12, 2005, the Fourth Circuit appointed Matthew A. Victor as counsel. (Id., Document No. 81.) In his appeal, Movant argued that the District Court erred in (1) denying Movant's Motion to Withdraw Guilty Plea; (2) applying a four-level sentencing enhancement by findings of fact in

violation of <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (3) failing to adequately consider the 18 U.S.C. § 3553(a) factors; and (4) miscalculating the base offense level under the Sentencing Guidelines. On September 5, 2007, the Fourth Circuit Court of Appeals affirmed Movant's sentence and conviction. <u>United States v. Battle</u>, 499 F.3d 315 (4th Cir. 2007). Movant filed a petition for certiorari in the United States Supreme Court, which was denied on January 22, 2008. <u>Battle v. United States</u>, 522 U.S. 1166, 128 S.Ct. 1121, 169 L.Ed.2d 951 (2008).

On January 20, 2009, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:09-0058, Document Nos. 107 and 108.) As grounds for *habeas* relief, Movant alleges counsel was ineffective based upon the following: (1) "Counsel's failure to inform Petitioner of his statutory right to a speedy trial" (Document No. 108, pp. 6 - 11); (2) "Counsel's failure to inform Petitioner of the true sentencing exposure between pleading guilty and proceeding to trial" (<u>Id.</u>, pp. 11 - 14.); (3) "Counsel's failure to challenge the erroneous base offense level" (<u>Id.</u>, pp. 15 - 16.); (4) "Counsel's failure to challenge the violation of Petitioner's 6th Amendment Right" (<u>Id.</u>, pp. 16 - 18.); and (5) "Counsel's failure to argue at the district level that Petitioner was entitled to withdraw his plea without demonstrating a fair and just reason, and for failing to argue on appeal that the case had to be remanded to the district level for factual findings" (<u>Id.</u>, pp. 19 - 22.).

On September 28, 2010, Movant filed his "Motion for Leave to Amend." (<u>Id.</u>, Document No. 112.) In support of his Motion, Movant requests that his Section 2255 Motion be amended to include the following grounds: (1) "Based upon the retroactive effect of <u>Johnson v. United States</u>, 130 S.Ct. 1265 (2010), Defendant is actually innocent of being an armed career criminal" (<u>Id.</u>, pp. 2 - 3.); (2) "In light of the Supreme Court's recent interpretation of the Due Process Clause of the 14th Amendment in <u>McDonald v. Illinois</u>, ___ S.Ct. ___, 2010 WL 2555188 the use of prior convictions

3

that were not charged by grand jury indictment or presentment under 18 U.S.C. § 922(g) violates the indictment, due process, privileges or immunities and the equal protection clauses of the 5th and 14th Amendments to the United States Constitution" (Id., pp. 4 - 6.); (3) "Petitioner's conviction and sentence was obtained pursuant to an Act or Congress passed in violation of the Amendment Clause of Article V of the Constitution of the United States when he was prosecuted under 18 U.S.C. § 922(g)" (Id., p. 7.); and (4) "Defendant's conviction and sentence was imposed in violation of his second Amendment right of the people to keep and bear arms." (Id.) By separate Order entered this day, the undersigned has granted Movant's Motion to Amend.

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

1.      **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. <u>Strickland v. Washington</u>, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In <u>Strickland</u>, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. <u>Id.</u> The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. <u>Strickland</u>, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

<u>Strickland</u>, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. <u>Goodson v. United States</u>, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S.Ct. at 2068; <u>Hill v.</u>

Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A.      *Counsel's Ineffectiveness Resulted in an Unknowing and Involuntary Plea*.

Movant alleges that his plea was made unknowingly and involuntarily because trial counsel failed to inform Movant of his "statutory right to a speedy trial" and "the true sentencing exposure between pleading guilty and proceeding to trial." (Civil Action 5:09-cv-0058, Document No. 108, pp. 6 - 14.) A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant."North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney

6

General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

First, Movant alleges that he would not have pled guilty had counsel advised him of his right to a speedy trial. Even assuming counsel was deficient in failing to advise Movant of his right to a speedy trial, Movant was not prejudiced because the District Court informed Movant of this right. During the Plea Hearing, the District Court questioned Movant as follows:

THE COURT:            Do you understand if you do not plead guilty you're entitled
                      to a speedy and public trial before me and a jury?

THE DEFENDANT:  Yes.

THE COURT:            An that your guilty plea waives your right to a trial? Do you
                      understand that?

THE DEFENDANT:  Yes.

(Criminal Action No. 5:04-0179, Document No. 90, p. 28.)

Next, Movant claims that his "decision to plead guilty was based on the erroneous advice and assurances of his counsel." (Civil Action 5:09-cv-0058, Document No. 108, pp. 12 - 13.) Movant states that "counsel assured Mr. Battle that if he pled guilty, his sentence would be 'around 5 years,' [and] . . . if he was convicted at trial, his sentence would be '10 years.'" (Id., p. 12.) Movant complains that his "sentence after pleading guilty was the same as he would have received had he proceeded to trial and been found guilty." (Id.) The record in this case, however, reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written

7

plea agreement provided that "Mr. Battle will plead guilty to a violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (felon in possession of a firearm) as charged in said indictment." (Criminal No. 5:04-0179, Document No. 53, p. 1.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (Id., pp. 1 - 2.) The plea agreement further stated at Paragraph 9 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (Id., p. 3.) At Movant's February 16, 2005, plea hearing, the District Court informed Movant of the maximum sentence to which he was subject and elicited Movant's statement that he knew that his sentence was in the Court's discretion. (Id., Document No. 90, pp. 13 - 15, 17.) The District Court further found that Movant's plea was voluntary and was not the result of any promises or threats. (Id., pp. 31 - 32.) Specifically, the District Court inquired as follows:

THE COURT:          Except for the specific terms of your plea agreement, has anyone made any promises to you or offered any inducements to you to plead guilty?

THE DEFENDANT: No.

THE COURT:          Has anyone threatened you, or exerted any force upon you, or done anything to get you to plead guilty against your will?

THE DEFENDANT: You said that too fast. You lost me.

THE COURT:          Okay. Let me slow down and do it again. Has anybody threatened you, or exerted any force upon you, or done anything - -

THE DEFENDANT: No.

THE COURT:          - - to get you to plead guilty against your will?

THE DEFENDANT: No. No.

THE COURT:          Has anyone made any promises to you concerning the sentence you will receive if you plead guilty?

8

THE DEFENDANT:   No.

THE COURT:   Has anyone made any predictions to you that the court will handle your case more leniently if you plead guilty than if you go to trial?

THE DEFENDANT:   No.

THE COURT:   Are you, in fact, acting voluntarily and of your own free will when you tender this plea of guilty to the court?

THE DEFENDANT:   Yes.

(Id., pp. 31 - 32.) Furthermore, nothing in the record indicates that Movant's trial attorney misinformed Movant in any respect pertaining to his plea of guilty or potential sentence such that Movant was induced or misled into pleading guilty. Accordingly, Movant's allegation that his plea was entered into unknowingly and involuntarily due to ineffective assistance of counsel is without merit.

### B.    *Trial Counsel's Failure to Challenge Base Offense Level.*

Movant argues that trial counsel was ineffective in failing to object to Movant's Base Offense Level being set at 24 pursuant to U.S.S.G. § 2K2.1. (Civil Action 5:09-cv-0058, Document No. 108, p. 15.) Specifically, Movant claims that "[b]ecause no points were assigned to the priors in paragraphs 45 and 47, they could not be used as predicates for the § 2K2.1 enhancement." (Id.) Movant, therefore, contends that trial counsel was ineffective because his Base Offense Level should have been 20 instead of 24. (Id.)

United States Sentencing Guidelines § 2K2.1(a)(2) provides that the Base Offense Level shall be 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Application Note 15 provides as follows:

9

> For purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that receive criminal history points under § 4A1.1(a)(b), or (c). In addition for purposes of applying subsection (a)(1) and (a)(2), use only those felony convictions that are counted separately under §4A1.1(a), (b), or (c). Prior felony conviction(s) resulting in an increased base offense level under subsection (a)(1), (a)(2), (a)(3), (a)(4)(A), (a)(4)(B), or (a)(6) are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History).

U.S.S.G. § 2K2.1, Application Note 15 (2004).[2] A controlled substance offense is defined as "an offense under federal or state law, punishable by imprisonment of more than one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (2004).

Movant contends that his trial counsel was ineffective in failing to object to the District Court's improper consideration of two of his prior convictions in violation of the Sentencing Guidelines. Specifically, Movant contends that the District Court improperly considered his prior convictions as contained in Paragraphs 45 and 47 of the Presentence Report. The undersigned, however, finds no indication in the record that the prior offense as set forth in Paragraph 45 of the Presentence Report was used to determine Movant's Base Offense Level pursuant to Section 2K2.1(a)(2). According to the Presentence Report, Movant clearly had two felony convictions for controlled substance offenses without consideration of the offense contained in Paragraph 45. (Criminal Action No. 5:04-0179, Document No. 74, pp. 10 - 11, ¶¶ 51, 53, and 54.) As contained in Paragraph 47, Movant was arrested on February 26, 1994, for Possession with Intent to Distribute,

---

[2] The undersigned notes that Movant was sentenced under the 2004 version of the United States Sentencing Guidelines. Accordingly, the undersigned is reviewing the application of the 2004 Guidelines. The undersigned notes that the above Application Note is listed as Note 15 in the 2004 version of the Guidelines and as Note 10 in the current version of the Guidelines. The language of the notes, however, is verbatim in both version.

and he pled guilty to the charge on August 1, 1994, in the Superior Court of Union County, New Jersey (Case No. 94-07-00763). (Id., ¶ 47.) On October 14, 1994, the Superior Court of Union County imposed a sentence of "36 days custody, credit time served, [and] three years probation." (Id., ¶ 47.) As contained in Paragraph 51, Movant was arrested on July 3, 1995, for Possession with Intent to Distribute, and he pled guilty to the charge on December 14, 1995, in the Superior Court of Union County, New Jersey (Case No. 95-12-01345I). (Id., ¶ 51.) On March 25, 1995, the Superior Court of Union County imposed a sentence of "four years confinement."[3] (Id.) Movant argues that his prior sentence as contained in Paragraph 47 of the Presentence Report was improperly considered because he did not receive criminal history points under U.S.S.G. § 4A1.1(a)(b), or (c). This issue, however, was considered and specifically rejected by the Fourth Circuit. The Fourth Circuit explained as follows:

> We agree with appellant in only one respect: if the district court correctly assigned no criminal history points for the 1994 offense, then the district court erred in apply § 2K2.1(a)(2). A closer examination of the facts and relevant Guidelines provisions reveals, however, that the district court erred only by failing to assign criminal history points for the offense. In deciding that § 4A1.2(e)(2) applied, the district court apparently looked to the date of the arrest. That was incorrect because § 4A1.2(e)(2) references only two dates: (1) the date the sentence was imposed, and (2) the date the defendant commenced the instant offense. See U.S.S.G. § 4A1.2(e)(2). Thus, § 4A1.2(e)(2) does not apply if the sentence was imposed within ten years of the instant offense, regardless of when the conduct giving rise to the sentence occurred. See United States v. Adams, 403 F.3d 1257, 1260 (11th Cir. 2005); United States v. Napoli, 179 F.3d 1, 17-18 (2nd Cir. 1999); United States v. Carroll, 110 F.3d 457, 461-62 (7th Cir. 1997); United States v. Lavin, 27 F.3d 40, 41-42 (2nd Cir. 1994).
>
> Appellant plead guilty to the 1994 offense on August 1, 1994. Thus, the

---

[3] When a defendant has multiple prior sentences, U.S.S.G. § 4A1.2(a)(2) provides, in pertinent part, as follows: "Prior sentences imposed in unrelated cases are to be counted separately." Application Note 3 provides that "[p]rior sentence are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." See U.S.S.G. § 4A1.2 (2004). The undersigned concludes that the above two offenses were properly counted separately.

> sentence was imposed, at the earliest, on August 1, 1994. Accordingly to the indictment and appellant's admissions, the instant offense occurred on July 2, 2004, approximately nine years and eleven months after appellant pleaded guilty to the 1994 offense. Therefore, § 4A1.2(e)(2) did not apply and the district court should have assigned one criminal history point based on the sentence of thirty-six days' incarceration appellant received for committing the 1994 offense.
>
> Appellant had two prior felony controlled substance offense convictions under § 2K2.1(a)(2): convictions in 1994 and 1995 for possession with intent to distribute, both of which received or should have received criminal history points. Accordingly, we affirm the district court's calculation of the base offense level pursuant to § 2K2.1(a)(2).

Battle, 499 F.3d at 325-26. Accordingly, the undersigned concludes that Movant's Base Offense Level was properly calculated pursuant to U.S.S.G. § 2K2.1(a)(2) and trial counsel did not act unreasonably in failing to challenge the calculation.

### C.    *Appellate Counsel's Failure to Challenge Base Offense Level.*

Movant alleges that appellate counsel was ineffective in failing to challenge his Base Offense Level on appeal. (Civil Action 5:09-cv-0058, Document No. 108, p. 15.) Specifically, Movant contends that appellate counsel erred in failing to argue that "[b]ecause no points were assigned to the prior in paragraphs 45 and 47, they could not be used as predicates of the § 2K2.1 enhancement." (Id.) First, the Court finds that counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests . . . that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). The Court further finds that even assuming counsel was

deficient, Movant was not prejudiced because he asserted the claim in his *pro se* Supplemental Brief and the issue was addressed and rejected by the Fourth Circuit.[4] Battle, 499 F.3d at 325-26. Therefore, Movant's claim of ineffective assistance of appellate counsel on the above ground should be dismissed.

> **D.** **Trial Counsel's Failure to Object to Evidence that Enhanced Movant's Sentence in violation of Blakely and Booker.**

Movant argues that counsel was ineffective in failing to challenge his sentence based upon Booker and Blakely. (Civil Action 5:09-cv-0058, Document No. 108, pp. 17 - 18.) Specifically, Movant contends that counsel should have objected when the District Court "imposed an enhanced sentence on Mr. Battle based on facts that were never proven beyond a reasonable doubt or stipulated by Mr. Battle." (Id., p. 16.) The undersigned finds that the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005) are inapplicable to Movant's sentencing. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth

---

[4] The Fourth Circuit specifically stated as follows: "Appellant had two prior felony controlled substance offense convictions under § 2K2.1(a)(2): convictions in 1994 and 1995 for possession with intent to distribute, both of which received or should have received criminal history points. Accordingly, we affirm the district court's calculation of the base offense level pursuant to § 2K2.1(a)(2)." *Battle*, 499 F.3d at 324.

Amendment.[5] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In Booker, the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756.

The sentence authorized by the facts established by Movant's guilty plea was a term of imprisonment of not more than 10 years. 18 U.S.C. § 924(a)(2). The District Court sentenced Movant to a 120-month term of imprisonment.[6] Thus, Movant's sentence quite clearly did not exceed the maximum penalty authorized in view of his plea of guilty as Movant claims. See United States v. Hughes, 401 F.3d 540, 553 (4th Cir. 2005)(stating that the maximum sentence authorized by a jury verdict "is, of course, the maximum set forth in the statute of conviction"); United States v. Green, 163 Fed.Appx. 221, 223 (4th Cir. 2006)(finding that Booker held only that uncharged facts cannot be used to support a sentence exceeding the statutory maximum, not that a sentencing judge may not use uncharged facts to enhance the defendant's sentence within the statutory range). Under these circumstances, no basis existed for claiming that Movant's sentence was improper under Booker, Blakely, and Apprendi, and Movant's attorney was not ineffective in representing him in failing to object as Movant claims.

### E.  *Trial Counsel's Failure to Adequately Argue for the Withdrawal of Movant's Plea.*

Movant contends that trial counsel was ineffective in failing "to argue at the district level that

---

[5] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

[6] The undersigned notes that the District Court sentenced Movant at the bottom of the applicable guideline range.

Petitioner was entitled to withdraw his plea without demonstrating a fair and just reason." (Civil Action 5:09-cv-0058, Document No. 108, pp. 19 - 22.) Movant argues that Rule 11 of the Federal Rules of Criminal Procedure was amended in 2002, making it "clear that a criminal defendant did not have to demonstrate a fair and just reason to withdraw his guilty plea." (Id., p. 20.) Therefore, Movant claims that "had Mr. Battle's counsel made the Court aware of this amendment, along with the Court's statements regarding its decision to defer acceptance of Mr. Battle's guilty plea until sentencing, there is more than a reasonable probability that the Court would have granted Mr. Battle's motion to withdraw. In fact it is a certainty." (Id.)

Based upon a review of the record, the undersigned finds that trial counsel was not ineffective in failing "to argue at the district level that Petitioner was entitled to withdraw his plea without demonstrating a fair and just reason." The issue of whether the District Court improperly denied Movant's request to withdraw his guilty plea was thoroughly considered and rejected by the Fourth Circuit. Specifically, the Fourth Circuit held as follows:

> This is our first opportunity to consider what it means to "accept" a guilty plea under Rule 11(d). Before 2002, Rule 32(e) governed the withdrawal of guilty pleas. That rule stated that if a "motion to withdraw a plea of guilty ... is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." The rules were amended in 2002 so that Rule 11 now governs the withdrawal of guilty pleas. Under Rule 11, a defendant may withdraw a guilty plea (or plea of nolo contendere) before the court accepts the plea for any reason or no reason. Fed. R. Crim. P. 11(d)(1). But if the court has accepted the defendant's plea, the plea may only be withdrawn if the court rejects a plea agreement under Rule 11(c)(5) or if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). A guilty plea cannot be withdrawn after a sentence has been imposed except on direct appeal or by collateral attack. Fed. R. Crim. P. 11(e).
>
> * * *
>
> We conclude the district court accepted appellant's guilty plea. Placing too much emphasis on the district court's use of the qualifier "provisionally" would ignore the inherently conditional nature of guilty pleas under Rule 11. No guilty plea is absolutely final until a sentence has been imposed. See Fed. R. Crim. P. 11(e). Before sentencing, every guilty plea can be withdrawn if a defendant can show a fair

and just reason or if the court rejects a plea agreement made under Rule 11(c)(5). Fed. R. Crim. P. 11(d)(2). Moreover, as <u>Hyde</u> and <u>Jones</u> explained, the potential for later withdrawal does not prohibit a district court from accepting a plea. <u>See</u> <u>Hyde</u>, 520 U.S. at 679-80, 117 S.Ct. 1630; <u>Jones</u>, 472 F.3d 905.

Permitting a defendant to withdraw a guilty plea for any reason or no reason in these circumstances would undermine the importance of the plea colloquy. The rules should not be interpreted to allow a defendant to withdraw a guilty plea "simply on a lark" after the district court conducts a thorough plea colloquy and has made the requisite findings. <u>See</u> <u>Hyde</u>, 520 U.S. at 676, 117 S.Ct. 1630. During the colloquy, the defendant admits, in open court, that he is guilty and describes the circumstances of his guilt. It makes little sense to permit an unconditional withdrawal of a guilty plea after the colloquy has been conducted, especially when the district court has informed the defendant of the consequences of pleading guilty and the defendant had no reason to believe he could withdraw the plea at a later date for any reason. Even if the circumstances warrant a withdrawal after the colloquy, the defendant is adequately protected by the fair and just withdrawal standard. Thus, once the district court has satisfied Rule's 11 colloquy requirement, there is a presumption that the court has accepted the defendant's guilty plea. <u>See</u> <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992)(en banc) ("If an appropriately conducted Rule 11proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding.") Appellant has failed to rebut that presumption in this case.

Rule 11 is silent as to how a district court must signal its acceptance of a guilty plea. As a precondition to acceptance, the district court must first complete the plea colloquy. Fed. R. Crim. P. 11(b). In that regard, acceptance of a guilty plea is intimately tied to the colloquy and Rule 11(b). But beyond conducting the colloquy, the Rules do not specify what a district court must say or do to accept a plea. Given the Rules' silence, we see no reason to require district courts to use some kind of talismanic "magic words" to effect an acceptance once the colloquy has been completed.

Although Rule 11 does not require "magic words" for an acceptance, there is little doubt that an unambiguous acceptance (e.g., "I accept your guilty plea") would have avoided the problems encountered here. Such a statement prevents confusion and provides strong, if not conclusive, evidence that an acceptance has occurred. An unambiguous acceptance of a guilty plea is also permissible under <u>Hyde</u> and <u>Hughes</u> even if the district court defers acceptance of the plea agreement. Although the district court here did not make such an unequivocal acceptance, we conclude it nonetheless accepted appellant's guilty plea and correctly applied the fair and just reason standard.

<u>Battle</u>, 499 F.3d at 319-22. The undersigned, therefore, concludes that the District Court appropriately considered Rule 11 in denying Movant's request to withdraw his guilty plea. Accordingly, trial counsel did not act unreasonably in failing to argue that Movant "was entitled to

withdraw his plea without demonstrating a fair and just reason."

      **F.**    *Appellate Counsel's Failure to Adequately Argue that the District Court Improperly Refused the Withdrawal of Movant's Guilty Plea.*

Movant alleges that appellate counsel was ineffective in failing challenge the District Court's allegedly incorrect application of Rule 11 to Movant's motion requesting the withdrawal his guilty plea. (Civil Action 5:09-cv-0058, Document No. 108, p. 20 - 21.) Specifically, Movant contends that appellate counsel was ineffective in failing to raise the above issue even though he acknowledges that "[i]t is true that Mr. Battle argued in his *pro se* supplemental brief that he did not have to demonstrate a fair and just reason to withdraw his guilty plea." (Id., p. 20.) As stated above, the Court finds that counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. at 751, 103 S.Ct. at 3312; also see Smith v. South Carolina, 882 F.2d at 899. Next, Court finds that appellate counsel did argue that the District Court applied the incorrect standard in denying Movant's requests to withdraw his guilty plea. United States v. Battle, 2006 WL 2204817, * 3 - 6. The undersigned further concludes that even assuming counsel was deficient, Movant was not prejudiced because he asserted the claim in his *pro se* Supplemental Brief and the issue was addressed and rejected by the Fourth Circuit. Battle, 499 F.3d at 319-22. Therefore, Movant's claim of ineffective assistance of appellate counsel on the above ground should be dismissed.

**2.**    **Actually Innocent Based Upon *Johnson v. United States*, 130 S.Ct. 1265 (2010).**

Movant contends that "based upon the retroactive effect of Johnson v. United States, 130 S.Ct. 1265 (2010), Defendant is actually innocent of being an armed career criminal." (Civil Action 5:09-cv-0058, Document No. 112, pp. 2 - 3.) Movant argues that "his State possession of controlled substance charge, which was used as a predicate offense to qualify him as an Armed Career Criminal,

does not meet the definition of a violent felony according to how the Supreme Court has recently defined that term to mean." (Id., p. 2.) Movant further contends that the District Court improperly "relied upon the Government to qualify defendant/petitioner as an ACCA candidate and therefore, unconstitutionally violated the Indictment Clause, the Due Process Clause, the Privileges or Immunities Clause and the Equal Clause of the Fifth and Fourteenth Amendments to the United States Constitution." (Id., pp. 5 - 6.)

In Johnson v. United States, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), the United States Supreme Court held that the defendant's prior battery conviction under Florida law was not a "violent felony" under the Armed Career Criminal Act (18 U.S.C. § 924(e)). The Supreme Court explained that "the element of 'actually and intentionally touching' under Florida's battery law is satisfied by any intentional physical contact, 'no mater how slight.'" Id., ___ U.S. at ___, 130 S.Ct. at 1269-70. The Supreme Court held that under the Armed Career Criminal Act, a "violent felony" must have included the use of "physical force" meaning a "violent force - that is, force capable of causing physical pain or injury to another person." Id., ___ U.S. at ___, 130 S.Ct. at 1271. The Supreme Court also recognized that when considering whether a predicate offense satisfies the definition of a "crime of violence," the Court may "consult the trial record - including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." Id., ___ U.S. at ___, 130 S.Ct. at 1273.

The undersigned finds that Movant's reliance upon Johnson is misplaced. A review of the record reveals that Movant was not convicted under the Armed Career Criminal Act. Further, Movant's sentence was not enhanced based upon a Florida battery conviction that was determined to be a "crime of violence." Movant's Base Offense Level was determined to be 24 pursuant to U.S.S.G. § 2K2.1(a)(2) based upon his two prior felony convictions for controlled substance offenses.

18

Accordingly, Movant's claim based upon <u>Johnson</u> should be dismissed.

**3.      <u>Title 18 U.S.C. § 922(g)(1) is Unconstitutional</u>:**

In <u>District of Columbia v. Heller</u>, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), the Supreme Court held that the Second Amendment does not permit "the absolute prohibition of handguns held and used for self-defense in the home." <u>Id.</u>, 554 U.S. at 636, 128 S.Ct. at 2822. The Supreme Court, however, stated that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." <u>Id.</u>, 554 U.S. at 626, 128 S.Ct. at 2816. Specifically, the Supreme Court explained as follows:

> [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

<u>Id.</u>, 554 U.S. at 626-27, 128 S.Ct. at 2816-17. Subsequently, the Supreme Court further held that the Second Amendment right to keep and bear arms is fully applicable to the States by virtue of the Fourteenth Amendment. <u>McDonald v. City of Chicago</u>, ___ U.S. ___, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010). The Supreme Court, however, reiterated that:

> It is important to keep in mind that <u>Heller</u>, while striking down a law that prohibited the possession of handguns in the home, recognized that the right to keep and bear arms is not "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purposes." We made it clear in <u>Heller</u> that our holding did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons and the mentally ill," "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." We repeat those assurances here.

<u>Id.</u>, ___ U.S. at ___, 130 S.Ct. at 3047(internal citations omitted).

Based upon <u>McDonald</u>, Movant appears to contend that his conviction for violating 18 U.S.C. § 922(g)(1) was in violation of the Second Amendment. (Civil Action 5:09-cv-0058, Document No.

19

112, pp. 5 - 7.) The Fourth Circuit, however, has recognized that 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by convicted felons, does not violate the Second Amendment. United States v. Brunson, 292 Fed.Appx. 259, 261 (4th Cir. 2008)(per curiam)(reasoning that in Heller "the Supreme Court has recently upheld the 'longstanding prohibition on the possession of firearms by felons'"); also see United States v. Anderson, 559 F.3d 348, 352 (5th Cir. 2009)(upholding ban on felons in possession). Additionally, this District has recently recognized that 18 U.S.C. § 922(g)(1) is constitutional on its face. United States v. Lunsford, 2011 WL 145195, * 3 (S.D.W.Va. Jan. 18, 2011)(District Judge Johnston)("'presumptively lawful regulatory measures,' including 18 U.S.C. § 922(g)(1), were *specifically identified* by the Supreme Court as surviving the sea of change in the law brought by Heller and McDonald")(emphasis in original). Accordingly, the undersigned concludes that Movant's above claim should be dismissed.

## PROPOSED FINDINGS AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document Nos. 107 and 112.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of

these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: November 2, 2011.

R. Clarke VanDervort
United States Magistrate Judge